UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **LAKERSKO BROWN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 3:00-0665 |
| ) | JUDGE ECHOLS |
| **TENNESSEE DEPARTMENT OF** ) | |
| **FINANCE AND ADMINISTRATION** ) | |
| **and M.D. GOETZ, Jr., Commissioner,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Defendants filed a Renewed Motion To Vacate The Agreed Order Approving The Settlement Agreement And To Dismiss The Case ("Renewed Motion") (Docket Entry No. 295). Plaintiffs then filed a Motion to Strike the Renewed Motion (Docket Entry No. 296), or in the alternative, for an extension of time to respond to Defendants' Renewed Motion. While the ordinary time for responding to the Motion to Strike has not expired, the Court exercises its discretion under Local Rule 7.01(b) to rule on the Motion to Strike before considering Defendants' response, if any.

Plaintiffs' Motion to Strike is hereby GRANTED. On August 25, 2008, the Magistrate Judge entered the parties' Joint Proposed Case Management Order. (Docket Entry No. 261). The Order provided that all dispositive motions were required to be filed no later than November 21, 2008. (Order at ¶ IV.) The parties filed cross-motions for summary judgment by the deadline, and those motions are pending before the Court. The Order also provided: "No further memoranda will be permitted without leave of court requested prior to filing the memoranda." (Id.)

1

Defendants' Renewed Motion and accompanying Memorandum and other documents in support (Docket Entry Nos. 295 & 295-1 through 295-4) violate Section IV. of the Joint Proposed Case Management Order entered by the Court. Defendants did not request leave of the Court to file the Renewed Motion and supporting documents, and even if such leave had been requested, the Court would not have granted such leave.

The Court and the parties are aware that, on March 9, 2009, the Sixth Circuit issued its decision reversing in part and remanding this Court's September 13, 2007 Memorandum and Order (Docket Entry Nos. 199 & 200) denying Defendants' Motion to Vacate the Agreed Order Approving the Settlement Agreement and to Dismiss the Case. <u>Brown v. Tennessee Dept. of Finance and Admin.</u>, 561 F.3d 542 (6th Cir. 2009). The Sixth Circuit's remand returns to this Court for further proceedings Defendants' Motion to Vacate the Agreed Order Approving the Settlement Agreement and to Dismiss the Case (Docket Entry No. 155), which was filed on January 19, 2007. There is no need for the Court to consider a Renewed Motion to vacate the Order approving the Settlement Agreement when the Court already has before it for consideration Defendants' original motion to vacate. Further, the Court allowed the parties to file supplemental briefs in support of, or in opposition to, the pending cross-motions for summary judgment to discuss the impact of the Sixth Circuit's decision.[1] The supplemental briefs have been filed and those dispositive motions are now

---

[1] The Court notes that Defendants filed their initial supplemental brief in support of their motion for summary judgment and in opposition to Plaintiff's motion for summary judgment on March 10, 2009 (Docket Entry No. 288), without seeking leave of the Court to make the filing. The Court noticed this earlier violation of the Joint Proposed Case Management Order and allowed it to pass, but the Court will not permit parties to make filings at will that are not in compliance with a governing case management order.

2

Case 3:00-cv-00665   Document 298   Filed 05/13/09   Page 2 of 3 PageID #: 3035

under consideration before the Court. No further filings by the parties are necessary or permitted under the Joint Proposed Case Management Order.

For these reasons, the Court will not entertain Defendant's Renewed Motion with its accompanying Memorandum and documents, (Docket Entry No. 295 & 295-1 through 295-4) and the Clerk is directed to strike the entries from the record.

The Court reminds the parties that the procedure of this case is controlled by the August 25, 2008 Joint Proposed Case Management Order. The deadlines for filing dispositive motions and the supplemental briefs permitted by the Court's March 18, 2009 Order (Docket Entry No. 289) have expired. As in other civil cases in a similar posture, all that remains for action at this time is for the Court to rule on the original motion to vacate the Order approving the Settlement Agreement and the summary judgment motions and, if the case is not decided on those motions, to proceed to trial.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE